**Affirmed and Memorandum Opinion filed June 1, 2023**



In The

# 𝔉ourteenth 𝔠ourt of 𝔄ppeals

## NO. 14-21-00748-CR

## ROSHAWN JERAMAINE CROOKSHANK, Appellant

### V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 56th District Court
Galveston County, Texas
Trial Court Cause No. 19-CR-2247**

### MEMORANDUM OPINION

Appellant Roshawn Jeramaine Crookshank appeals his conviction of murder. In one issue he contends the trial court abused its discretion in admitting the testimony of a witness. We affirm.

### COMPETENCY DETERMINATION

In his sole issue on appeal, appellant argues that the trial court abused its discretion in admitting the testimony of a witness because she was incompetent to

testify at the time of trial. Appellant further contends that he was harmed by the testimony because this was the only witness who placed appellant at the scene of the murder and who testified that appellant was chasing the complainant with a gun. Appellant argues that without this witness's testimony, the chances of appellant being convicted "was far less."

## A.     General Legal Principles

We review a trial court's determination of competency for an abuse of discretion. *Rodriguez v. State*, 772 S.W.2d 167, 170 (Tex. App.—Houston [14th Dist.] 1989, pet. ref'd). In reviewing a trial court's competency determination, we consider the entire record, including the witness's trial testimony. *Hernandez v. State*, 643 S.W.2d 397, 400 (Tex. Crim. App. 1982). The party raising incompetency has the burden to prove it by a preponderance of the evidence. *Beavers v. State*, 634 S.W.2d 893, 895 (Tex. App.—Houston [1st Dist.] 1982, pet. ref'd).

There is a presumption that a person is competent to testify. Tex. R. Evid. 601(a). Any person "whom the court examines and finds lacks sufficient intellect to testify concerning the matter in issue" is an incompetent witness. *Id.* The trial court must consider the witness's ability "to observe intelligently the events in question at the time of their occurrence, plus [she] must have the capacity of recollection and narration." *Rodriguez*, 772 S.W.2d at 170 "The capacity to narrate involves the ability to understand questions posed and to frame intelligent answers, and to understand the moral responsibility to tell the truth." *Id*. "If a person afflicted with a physical or mental disability possesses sufficient intelligence to receive correct impressions of events he sees, retains clear recollection of them and is able to communicate them through some means, there

2

is no reason for rejecting his testimony." *Watson v. State*, 596 S.W.2d 867, 870 (Tex. Crim. App. 1980).

## B.    Background

At trial and outside of the presence of the jury, appellant requested to take the witness on voir dire and asked the trial court to conduct a competency determination.   On voir dire, appellant asked the witness whether she understood why she was there, whether she would testify truthfully, and whether she was able to understand and answer questions correctly.   The witness responded, "Yes, sir," to each inquiry.   Appellant asked no further questions.   The court then conducted its examination:

> The Court: Okay, so the issues in determining competency of a witness to testify include the witness's ability to perceive, recall and recount accurately the event in question.   Let me just ask you, you know they're going to ask you some question - -
>
> The Witness: I know how to answer the question back.
>
> The Court: And do you remember the event?
>
> The Witness: Yes, sir.
>
> The Court: And will you be able to tell us about that event?
>
> The Witness: Yes, sir.
>
> The Court: Okay, then it's the Court's opinion that the witness is able to testify in this case, is competent to testify.

During her testimony before the jury, the witness testified that she was testifying because she had "seen something that happened."  She recalled talking to a detective, but not the detective's name.  She recalled that she was on "Avenue K" where she saw the complainant on the day of the murder.  She testified that she knew the complainant.   The witness's narrative testimony was disjointed and confusing, recalling that she had purchased a "rock" and had seen the "Mexican

3

guy, the crippled one in a wheelchair." She testified that she purchased a "rock" from the complainant and left to get a coke from a nearby store.

> [State]: And before you left that area did you see anything happen to [the complainant]?
>
> [Witness]: Hell no. You call me crazy. No, I did not, ma'am. Because he just gave me my rock. And I walked towards something here.

The witness testified that the "Mexican" told her that the complainant was killed over a girl. She testified that she saw a suburban driving on Avenue K that day driven by "a pedestrian." In an attempt to clarify the witness's answer, the State asked, again, who was driving:

> [Witness]: A pedestrian, because [the complainant] was like this here, comes around the car, okay? Next thing I know, I seen [the complainant] get on the ground or walking - - because I've told y'all I'm just trying to help [the complainant], huh? I'm telling you I'm telling the truth here. Everybody I told them that this is not helping [the complainant] here. But all I know - -
>
> [State]: So you saw [complainant] fall on the ground?
>
> [Witness: I didn't see - - I seen him in the car like this here talking to somebody. Next thing I know [the complainant] was running behind the house here.
>
> [State]: He was running behind the house?
>
> [Witness]: Yes, ma'am. Yes ma'am. Yes, ma'am.
>
> [State]: Who was chasing him?
>
> [Witness]: Chasing him? I don't know, man. All I know is what I told you. I was trying to help because I had enough. I bought a 10-dollar rock from [the complainant]. (Mumbling).

At this point, the State requested that the trial court dismiss the jury so the witness could refresh her memory and review the statement she made to a detective after the murder.

After reviewing the statement, the trial court brought in the jury and the witness continued to testify. The witness testified that she remembered giving the statement to the detective and that she remembered telling the detective that she saw the complainant get hit by a suburban. She denied telling the detective that the person inside the suburban was appellant and denied that she ever said appellant was holding a gun. She testified that:

> the man tried to get out of the car to help that man. . . I seen [the complainant] get up, try to get up, and [appellant] tried to help [the complainant] get up. I didn't say nothing about no gun. Don't put that [expletive] in my conversation. Don't give me no trouble, home girl. (Mumbling) Who are you? (Mumbling).

The State requested that they be allowed to play the video of the witness's prior inconsistent statement for the jury. Appellant objected to the witness's competency again. The trial court commented that it did not believe that her "recount" was there and allowed the State to show the witness the video of the statement she previously made to a detective.

When asked questions the witness either admitted or denied that she spoke to the detective or that she previously made certain statements. She also continued to provide narrative commentary about what she believed was going on. The witness denied her prior statement, and the trial court allowed the State to play a portion of her prior statement to the jury. After playing the video of the prior statement for the jury, the State passed the witness.

Appellant asked the witness the following questions:

[Appellant]: You didn't see [appellant] with a gun, correct?

[Witness]: No. She had - - Brittany had told them Ro.

[Appellant]: And my next question is Brittany told you it was [appellant]?

5

[Witness]: Yes, Sir.  They didn't find no girl or lady.

[Appellant]: No further questions.

THE WITNESS:  Brittany told them Ro.  Brittany told them Ro.

[Appellant]:  No further questions.

THE COURT: Anything else?

THE WITNESS: Brittany told them Ro.

[State]: No, You Honor.

THE WITNESS: Brittany told them Ro.

## C.    Analysis

The witness's narrative testimony was disjointed and difficult to understand at times.[1]  In responding to direct questions, the witness gave direct answers.  On voir dire the witness gave no indication that she did not understand or would not answer questions truthfully.  In the court's examination, the witness indicated she remembered the event and would answer questions.  There was no indication that the witness could not testify competently from either voir dire or the trial court's examination.  *See Beavers v. State*, 634 S.W.3d 893, 895 (Tex. App.—Houston [1st Dist.] 1982, pet. ref'd) (concluding trial court did not err in finding witness competent despite psychologist's report declaring him incompetent where witness's testimony showed recollection, understanding, and ability to frame "intelligent answers;" party raising competency challenge has burden of proof).

During trial, the witness recalled what she witnessed on the day of the murder, albeit adding in additional unnecessary details—like the fact that she bought a "10-dollar rock" from the complainant.  However, this testimony does not render the witness incompetent, but instead is a matter of witness credibility.  *See Hogan v. State*, 440 S.W.3d 211, 217 (Tex. App.—Houston [14th Dist.] 2013, pet.

---

[1] We assume without deciding that this issue is preserved on appeal.

ref'd) ("Although some of complainant's responses were confusing and inconsistent, a witness is not rendered incompetent merely because there are inconsistencies in her testimony."); *Torres v. State*, 424 S.W.3d 245, 255 (Tex. App.—Houston [14th Dist.] 2014, pet. ref'd) (although witness's responses showed "some conflict and confusion" the "overall testimony indicated sufficient accuracy" of recollection; such inconsistencies go to credibility, not competency). The witness recalled the events on the day of the murder and recounted them to the jury. The only issue she denied was whether she saw appellant in the suburban, saw appellant chase the complainant with a gun, or whether she saw appellant with a gun. Her testimony demonstrated that she possessed the ability to observe the events in question and recall those events. Though she was confronted with a prior inconsistent statement, this goes to the credibility of the witness. *See Hogan*, 440 S.W.3d at 217; *Torres*, 424 S.W.3d at 255.

We cannot say on this record that the trial court abused its discretion in finding the witness competent to testify. We overrule appellant's sole issue on appeal.

**CONCLUSION**

Having overruled appellant's sole issue on appeal, we affirm the judgment of the trial court.

/s/    Ken Wise
        Justice

Panel consists of Justices Wise, Jewell, and Poissant.

Do Not Publish — TEX. R. APP. P. 47.2(b).